**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISICPLINE OF
ALLEN D. GIBSON, BAR NO. 2001.

No. 68767



FILED

NOV 06 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER OF SUSPENSION*

This is an automatic review under SCR 105 of a Northern Nevada Disciplinary Board hearing panel's recommendation that attorney Allen D. Gibson be suspended for six months and one day based on findings that he violated RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 1.16 (declining or terminating representation), and RPC 8.1(b) (disciplinary matters).

Our review is de novo. SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). Accordingly, while the disciplinary panel's recommendations are persuasive, they are not binding and therefore we "must examine the record anew and exercise independent judgment." *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). The State Bar has the burden of showing by clear and convincing evidence that Gibson committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, the violations were deemed admitted because Gibson failed to

15-33953

respond to the complaint or appear for the formal hearing.[1] SCR 105(2). The issue for this court is whether the recommended discipline is sufficient.[2]

The purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). In determining the appropriate discipline, this court has considered four factors to be weighed: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Having considered the record and the factors for imposing discipline, we approve the recommendation. We hereby suspend Gibson from the practice of law in Nevada for a period of six months and one day commencing from the date of this order.[3] Also, Gibson shall pay the costs

---

[1]The panel found that the State Bar failed to establish by clear and convincing evidence that Gibson had violated RPC 5.3 (responsibilities regarding nonlawyer assistants) and RPC 5.5 (unauthorized practice of law) on the basis that the allegations in the complaint were not sufficient to establish those violations on a default basis.

[2]Gibson has not filed an opening brief in this court. This matter therefore stands submitted for decision based on the record. SCR 105(3)(b).

[3]Based on the length of the suspension, Gibson will be required to comply with SCR 116 and petition for reinstatement. SCR 116(1), (2).

of the disciplinary proceeding (excluding bar counsel and staff salaries) within 30 days of receipt of the State Bar's bill of costs. *See* SCR 120. Gibson shall comply with SCR 115, and the State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Chair, Northern Nevada Disciplinary Board
Allen D. Gibson
Stan Hunterton, Bar Counsel, State Bar of Nevada
Kimberly Farmer, Executive Director, State Bar of Nevada
Perry Thompson, U.S. Supreme Court Admissions Office